IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
    Plaintiff

v.                                          CIVIL NO. 98-2411 (GG)

ANA M. PARIS-AYALA
    Defendant

**ORDER**

On December 17, 1998, the plaintiff filed the present complaint against the defendant, Ms. Ana M. Paris-Ayala, who was served with process on March 22, 1999. (Docket entries #1 & 2). Since she did not answer the complaint, the plaintiff requested the entry of default against her, which was entered on April 14, 1999. (Docket entry #3). Consequently, the plaintiff requested judgment by default against the defendant. (Docket entry #4). The same was entered on April 16, 1999 allowing the plaintiff to recover from the defendant the sum of $1,599.28 ($903.39 of principal plus $695.89 in accrued interest through February 11, 1998) plus interest at the rate of 8% per annum and interest thereafter to the date of entry judgment, plus administrative and statutory costs in the total amount of $52.35 and filing fees in the amount of $150.00 as set forth in the Bill of Costs; plus attorneys fees or the 10% surcharge imposed by law if the plaintiff is forced to utilize the remedies provided under sub-chapter C of the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §3011. (Docket entry #6).

    The above referenced judgment became firm and unappealable.

**CIVIL CASE NO. 98-2411 (GG)**                                                                                                                2

Almost two years after the entry of judgment the government issued a subpoena commanding Ms. Paris-Ayala to appear on March 12, 2002 for a deposition. The same was personally served upon her but she failed to appear at the same. (Docket entries #7 & 8). In view of this, the government requested an order directing the defendant to show cause why she should not be held in contempt of court for her failure to appear for her oral deposition. (Docket entry #8). Said motion was notified to the defendant but never opposed it.

In view of the above, on July 31, 2002, we ordered Ms. Ana M. Paris-Ayala to show cause, by August 9, 2002, why she should not be held in contempt of court for her failure to appear at the deposition of March 12, 2002. On that occasion we warned her that failure to timely comply with our order would cause this court to proceed as therein intimated. The order to show cause was personally served upon her by the U.S. Marshal's Service. (Docket entry #10). As of today, the defendant has not shown cause as ordered. Moreover, the government has requested that she be held in contempt of court. (Docket entry #11).

It clearly stems from the above that the defendant has failed to comply with the orders of this court despite having been fully warned and notified of the consequences of her disobedience.

**WHEREFORE**, in view of the above, a **Contempt Hearing** is hereby set for **March 9, 2004 at 3:00 p.m.** The U.S. Marshal is **ORDERED** to **IMMEDIATELY** notify this order personally to the defendant. Ms. Paris-Ayala is **WARNED AND ADMONISHED** that failure to timely appear at this hearing will cause the issuance of a Warrant of Arrest

**CIVIL CASE NO. 98-2411 (GG)**                                             3

against her for contempt to the court.

**SO ORDERED.**

San Juan, Puerto Rico, this 5th day of February, 2004.

                              GILBERTO GIERBOLINI
                              U.S. District Judge